Good morning, Your Honors. May it please the Court, I'm Henry Reynolds, attorney for Plaintiff Appellant Joyce Peterson. I'd like to start by discussing the issue of whether the ALJ in this case properly considered the requirements of Mrs. Peterson's past work before finding that she could return to that work. What I think is important to emphasize is the testimony of the ALJ did not put it down at the sedentary level. And the ALJ explicitly adopted the V.E.'s findings, the same findings which contradicted the entry for the Dictionary of Occupation. This is on the issue of walking, being able to walk, or how much walking is going to be necessary? Yes, Your Honor. The colloquy between the ALJ and the vocational expert was interesting there, where the vocational expert seemed, at the very end of that colloquy, to stand corrected that there would be any substantial amount of walking at the California Culinary Academy. The vocational expert was using his own personal experience on the University of Washington campus, which is a very large campus, as we know. And the ALJ reminded the vocational expert of that? Your Honor, I don't think it's... The vocational expert seemed at some point to say, well, you're right, or indicate that. Well, I don't think that's true at all, Your Honor. I respectfully beg to differ. There was a discussion between them, and there was a discussion about whether at a larger school, perhaps there would be shopping carts, I mean, golf carts, in order to help people get around. But certainly at the culinary school, there was not. It certainly, the V.E. did not retract, did not explicitly retract that finding. And I think you really need to have some sort of explicit retraction of that opinion. And I think what we're left with, then, is the fact that the ALJ fully credited the opinion that the V.E. had committed himself to. And at that point, since it was credited, the ALJ needed to go with that V.E. opinion. What does the record show with regard to the physical layout of the culinary history? Well, Your Honor, where this is a step four analysis, there's two prongs to the step four, as it was as the work was actually performed and as it's usually performed. I think it's ‑‑ I guess you're not answering my question. Oh, I'm sorry. I will get to it. How about getting to it now? Yes, Your Honor. There's no evidence about precisely what the layout is of the school. However, no one disputes the claimant's testimony that she actually was required to walk very long distances, essentially as night security, walking the length of it, remaining on her feet for an entire shift. There's no dispute about that. Likewise, there was a requirement, I believe, of having to lift something like 50 pounds on occasion. So on the prong at step four of her ‑‑ of the past work, as actually performed, I don't believe that the defendant even disputes that she qualifies under, that she'd be able to return to past work as actually performed. The only issue is that can she return to past work as generally performed? And on that, they rely on the DOT. And my point is, well, the DOT puts it down as sedentary, but the vocational expert, who the ALJ fully credited, said, no, that's not sedentary. These jobs often require a lot of walking because they have a lot of meetings, they have to go and fetch files. This is a lot of time spent on the feet. He seemed to be fairly confident about where ‑‑ what the requirements were, and he disagreed with the DOT. Was he aware of the layout? Pardon me? Was he aware of the layout? There's a lot of difference between the University of Washington and the Culinary Institute. I don't know that the ‑‑ She's the director of financial aid. Yes, Your Honor. So that sure seems sedentary, but ‑‑ According to her, she was required to do considerable walking. The ALJ did not dispute that testimony because the requirements, it's not simply working at a desk and discussing with students or discussing with their faculty the administrative requirements. It's also going to meetings, fetching files, and the added requirement of actually walking the floors for entire shifts, just as some sort of a security or as an attempt to get more familiar with the student body, who apparently would spend a lot of time in those offices. So, again, on the prong at step four of the work, as actually performed, with all the added lifting requirements, I don't think even the defendant would ‑‑ I mean, the government would argue that she could return to her past work. She has to lift as being the financial aid. Apparently large files, student files. This is what she testified to. The ALJ didn't dispute this. It's reasonable, so I think we're going to have to really ‑‑ it should probably be credited. One big file, 50 pounds. Well, it may not be one file. It may be a box of files that are archived. I'm speculating, Your Honor. I just know what she testified to. I just had a hard time seeing that. You can lift files one at a time, two at a time. I routinely lift 50 pound boxes or 100 pound boxes of files. That's all I can say on that. If there's no further questions, I have nothing to add. Thank you, counsel. We'll hear from the commissioner. Good morning. My name is John Cusker, and I represent the Apolli Joanne Bonhart Commissioner of Social Security. I'd like to address the point that opposing counsel raised, and that is whether or not there was any conflict between the vocational expert's testimony and the Dictionary of Occupational Types. I don't see a conflict. And the ALJ certainly did not see a conflict. He believed that the vocational expert's testimony supported the finding that he made, which was that the claimant could perform her sedentary, highly skilled past relevant work. As I believe I noted in our brief, the vocational expert does testify that these jobs require more than a little bit of walking around, but the timeframe that he used was more than 45 minutes to an hour. However, as the commissioner's regulations also indicate, the ability to perform sedentary work means the ability to walk for as long as two hours in the course of an eight-hour work day. That is standard walk, as long as two hours. And that definition is also contained in our brief. And so I don't believe, the ALJ believed, there was any conflict between that testimony, and I do not see a conflict. In most of our cases, in all of our cases, of course, what this Court is compelled to do is affirm the commissioner's decision, if it's both legally correct and supported by substantial evidence. Here the Court found that the claimant hadn't met her burden of proof to show that she was disabled, that is, that she was unable to perform her past relevant work. The Court specifically found that the issues raised below had not been proven by the claimant. The Court found that the claimant was not presumptively disabled at Step 3 of the disability sequential evaluation, and also found that the claimant had not met her burden of showing that she could not perform her past work at Step 4 of the sequential evaluation. And we believe that that district court's finding was correct. Anything further, counsel? No. Thank you very much. The case just argued will be submitted for decision.
judges: Hug, O'scannlain, Miller